IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MATTHEW SCHAEFFER,** | * | |
| | * | |
| *Plaintiff,* | * | |
| | * | |
| v. | * | Civil Case No: 1:22-cv-01539-CCB |
| | * | |
| **MAYOR AND CITY COUNCIL** | | |
| **OF BALTIMORE,** | * | |
| | * | |
| *Defendant.* | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANUDM OPINION AND ORDER

This case was referred to the undersigned by U.S. District Judge Catherine Blake for discovery and all related scheduling on July 6, 2023. (ECF No. 28). At the time of the referral, Defendant's Motion to Compel (ECF No. 25) was ripe for resolution. The Court has reviewed that Motion, along with Plaintiff's Opposition (ECF No. 26) and Defendant's Reply (ECF No. 27). The Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). As set forth more fully below, Defendant's Motion is GRANTED in part and DENIED in part.

Plaintiff's lawsuit alleges disability discrimination and subsequent retaliation stemming from Defendant's failure to promote Plaintiff who is employed as an Emergency Medical Technician with the Baltimore City Fire Department ("BCFD"). *See generally* (ECF No. 1). From the time of Plaintiff's initial hiring in 2015, Defendant was aware of Plaintiff's diagnoses of bipolar disorder and depression. *Id.* at pp. 4–5.[1] Plaintiff alleges that these diagnoses (1) did not affect his job performance and (2) seemingly were a non-issue for Defendant until Plaintiff applied for promotion in 2018. *Id.* at p. 5. Plaintiff further alleges that although he received written notice of

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.

promotion qualification after completing all assessments and a medical screening, Defendant then improperly imposed additional medical clearance requirements at the last minute based on Plaintiff's mental health conditions, resulting in Defendant revoking the promotion. *Id.* at pp. 5–6. Further, when Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") in response, Plaintiff alleges that Defendant retaliated against him by again denying him promotion in February of 2022. *Id.* at pp. 7–9. In his Complaint, Plaintiff claims economic consequences, but also seeks unspecified "Punitive and/or Compensatory damages as the Court sees fit." *Id.* at p. 11.

Defendant seeks discovery regarding, *inter alia*, Plaintiff's mental health treatment. Given that both damages and liability itself are premised on the nature and extent of Plaintiff's mental health diagnoses and treatment, Defendant should be allowed reasonable inquiry into such areas. "The scope of relevancy under discovery rules is broad, such that relevancy encompasses any matter that bears or may bear on any issue that is or may be in the case." *Carr v. Double T Diner*, 272 F.R.D. 431, 433 (D. Md. 2010). Additionally, "[a] party resisting discovery bears the burden of explaining 'precisely why its objections are proper given the broad and liberal construction of the federal discovery rules.'" *United Oil Co., Inc. v. Parts Assocs., Inc.*, 227 F.R.D. 404, 411 (D. Md. 2005)).

The parties have engaged in written discovery. Plaintiff's discovery responses further address the damages he is—and is not—seeking in this case. For example, in his response to Defendant's Interrogatory No. 10, Plaintiff indicates that "he has not suffered any mental injuries requiring treatment as a result of the defendants [*sic*] discriminatory and retaliatory actions, but these actions have resulted in him unnecessarily remaining in a very stressful position . . . ." (ECF No. 25-4 at p. 3). Plaintiff also does not expect to retain any expert. *Id.* at p. 2. Therefore, as to

2

his claimed noneconomic compensatory injuries in this case, the Court concludes that they fall into the category of so-called "garden variety" emotional damages. This, however, does not shield Plaintiff from legitimate discovery on these issues. *See Stokes v. IKEA US Retail, LLC*, 22-1377-JMC, 2023 WL 1970476 at *2 (D. Md. Feb. 13, 2023). Further, as noted above, given that the core claim in this case is that Defendant discriminated against Plaintiff because of Plaintiff's mental health diagnoses, the Court has no trouble concluding that those conditions are within the scope of discovery.

Looking to the particular interrogatories and requests for production ("RFP") that are the subject of the instant motion, Defendant first takes issue with Plaintiff's response to Interrogatory No. 6, reading, in pertinent part, "If you have undergone treatment in the past seven (7) years for a mental illness or emotional condition . . . please state all details . . ." including the nature of the illness/condition, dates of treatment, the circumstances surrounding its occurrence, and the names of health care providers involved in the examination, diagnosis or treatment of it. (ECF No. 25-2 at p. 7). Plaintiff's amended response is that he has not needed or undergone treatment for mental illness or emotional condition in the last seven years "except as previously provided to the defendant." (ECF No. 26-1 at p. 1). The Court finds Plaintiff's response insufficient. Although Plaintiff may well have provided medical and mental health information as part of his employment,[2] this does not excuse him from providing the narrative called for by this interrogatory, especially since Plaintiff has been a long-time employee of BCFD.

Additionally, while Fed. R. Civ. P. 33(d) allows for a respondent to reference specific business records as all or part of an interrogatory answer, the respondent must (1) specify the records in sufficient detail to enable the proponent to locate and identify them as readily as the

---

[2] Plaintiff alleges that he provided health information to, and was evaluated by, the "Public Safety Infirmary" which presumably is part of BCFD.

respondent, and (2) give the proponent a reasonable opportunity to examine and makes copies of such records. Plaintiff's reference to records and/or information "previously provided to the defendant" falls far short of meeting that standard, especially in the absence of Plaintiff's production of such records in response to Defendant's RFPs as detailed immediately below. By way of example, the Court notes that Plaintiff's response to Interrogatory No. 4 identifies three specific health care providers with whom he has treated during the relevant timeframe, as well as BCFD's Public Safety Infirmary. To the extent Plaintiff is in possession of such records and were to produce them in this case, Rule 33(d) might well allow him to point to such records as part of his response to Interrogatory No. 6. But whether Plaintiff chooses to invoke Rule 33(d) or not, his present narrative is insufficient.

      Defendant also takes issue with Plaintiff's response to its RFP Nos. 2, 3, 4, 6, 7, 8, 13, 14, and 15. In summary, these requests seek documents in Plaintiff's custody or control concerning medical/mental health evaluation and treatment, economic damages including tax returns, administrative actions related to the allegations (such as those involving the EEOC), and any documents specifically referred to in the Complaint or other pleadings. (ECF No. 25-3 at pp. 6–8). Plaintiff's initial response to all of these requests was essentially the same, namely that "defendant is already in possession of all pertinent documents relating to this request." (ECF No. 25-5 at pp. 1–3). Whether or not Defendant may itself have possession of some, or even all of these documents,[3] Defendant is entitled to the documents that Plaintiff has. At the very least, this would verify whether whatever information Defendant may already possess is complete. But more fundamentally, it is not Defendant's responsibility to identify those documents in its own custody that Plaintiff may rely on to prove his case, nor is Defendant expected to completely defer to

---

[3] In the Court's view, it is unlikely that Defendant could be in possession of all of the information sought, such as Plaintiff's tax returns.

Plaintiff' judgment as to what may or may not be relevant within a category of requested documents; it is Plaintiff's responsibility to produce them if they are in his custody or control. By way of example, in Plaintiff's amended response to RFP Nos. 3 and 4, he indicates that he has "obtained all documents held by his personal provider, and *should the defendant provide belief that relevant documents are contained in these records*, will provide them upon request." To the contrary, it is Plaintiff's burden, as the party resisting discovery, to justify why such documents should not be produced. Plaintiff has not met that burden here, and he should produce all such records given the Court's earlier analysis.

To be clear, if Plaintiff does not have responsive documents in his custody or control, or does not plan to rely on any documents in any of the areas sought, he should so state. Similarly, if the only responsive documents are those that Defendant has or will produce to Plaintiff in its own discovery responses, he need not re-produce them back to Defendant but should specifically identify them if he intends on relying on them as part of a discovery response or at trial. Further, Plaintiff does not have a duty to separately obtain his personnel file or other employment records *not already in his position* from Defendant, nor from BCFD's Public Safety Infirmary, given that such documents are presumably already under Defendant's custody and control. Plaintiff would, however, have to specifically describe any particular responsive document(s) that he knows to be part of either collection even if not in his possession, such as, for example, a relevant performance evaluation that he may have seen in the course of his employment but of which he does not have a copy.

Finally, the Court notes that Plaintiff has not specifically raised any objections (such as scope, privilege, etc.) other than that the requested documents are already in Defendant's possession. Nonetheless, the Court is under its own obligation to construe, administer, and employ

5

these rules "to secure the just, speedy and inexpensive determination of every action." Fed. R. Civ. P. 1. In reviewing Defendant's RFP Nos. 2 and 8, the Court concludes that, as written, they lack the necessary precision called for by the Rules. Asking for "all documents that concern, support or related to" a litigant's claim (RFP No. 2) or all documents "that reflect communications . . . between you and any person concerning the circumstances surrounding this lawsuit" (RFP No. 8) are so broad as to allow for an interpretation that would include documents otherwise outside the scope of discovery. Accordingly, the Court will not require a further response to RFP No. 2, and will limit RFP No. 8 to the documents (including emails and text messages) concerning the instant claim of discrimination or retaliation between Plaintiff and the EEOC, or any city official or employee, or any third party to which a claim of attorney-client privilege, other recognized privilege, or the work product doctrine would not attach.

    Accordingly, subject to the guidance provided above, Defendant's motion is GRANTED in part and DENIED in part. The Court further reminds the parties that the discovery deadline in this case is August 11, 2023. *See* (ECF No. 21).

Date: July 10, 2023

/s/
J. Mark Coulson
United States Magistrate Judge