IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MATTHEW SCHAEFFER,** | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Case No: 1:22-cv-01539-CCB |
| **BALTIMORE CITY FIRE DEPARTMENT,** | | |
| | * | |
| *Defendant.* | | |

\* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Matthew Schaeffer, proceeding *pro se*, commenced this action on June 6, 2022, alleging that Defendant Baltimore City Fire Department violated "the Americans with Disabilities Act ('ADA'), as amended by the ADA Amendments Act ('ADAAA'), 42 U.S.C. §§ 12101 to 122117, Maryland State Government Article § 20-603, Annotated Code Of Maryland and Article 4 of the City Code of Baltimore City." (ECF No. 1 at 1).[1] United States District Judge Catherine C. Blake forwarded the matter to the undersigned on July 6, 2023, for discovery and all related scheduling. (ECF No. 28). A discovery dispute has arisen, and presently pending before the Court is Plaintiff's Motion to Compel Discovery (ECF No. 40). The Court has considered the Motion as well as Defendant's Opposition thereto (ECF No. 41) and finds that no hearing is necessary pursuant to Loc. R. 105.6 (D. Md. 2023).[2]

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of every electronically filed document.

[2] Plaintiff chose not to file a reply brief in support of his Motion to Compel. *See* Loc. R. 105.2 (D. Md. 2023); Loc. R. 104.8(a) (D. Md. 2023). Plaintiff also consented to receive notice and service electronically through the Court's electronic filing system on June 22, 2022. *See* (ECF No. 2).

Plaintiff's Motion to Compel seeks more complete responses to several interrogatories and document requests. Defendant opposes the Motion to Compel on the grounds that (1) it is procedurally improper under Local Rule 104.8 and (2) Defendant's responses to the discovery responses are sufficient. *See generally* (ECF No. 41).

Local Rule 104.8 provides, in relevant part:

> The following procedures shall be followed in litigating motions to compel answers to interrogatories and requests for production or entry upon land as to which a response has been served.
> . . .
> If a party who has propounded interrogatories or requests for production is dissatisfied with the response to them and has been unable to resolve informally (by oral or written communications) any disputes with the responding party, that party shall serve a motion to compel within thirty (30) days of the party's receipt of the response.

Loc. R. 104.8(a) (D. Md. 2023).

Plaintiff's Motion is untimely. Plaintiff's first set of interrogatories and first request for production of documents are dated April 27, 2023, and were mailed to Defendant on April 28, 2023. (ECF No. 40-1 at 10; ECF No. 40-2 at 7); *see also* (ECF No. 40 at 1) ("The plaintiff has properly served First Interrogatoriories [sic] and Requests For Production of Documents on the defendant on April 27, 2023."). Defendant served Plaintiff with its responses to Plaintiff's first set of interrogatories on June 26, 2023, contemporaneously with Defendant's response to Plaintiff's request for production. (ECF No. 41 at 7). Defendant further supplemented its responses to Plaintiff's interrogatories on August 3, 2023, August 7, 2023, and August 10, 2023. (ECF No. 41-2; ECF No. 41-3; ECF No. 41-4). Defendant also provided Plaintiff with supplemental answers to Plaintiff's document requests on June 29, 2023, and August 3, 2023, before providing Plaintiff with clarification answers to both Plaintiff's first set of interrogatories and request for production on August 28, 2023. (ECF No. 41-6; ECF No. 41-7; ECF No. 41-8).

The latest date which Plaintiff was served with a discovery response or supplement was, accordingly, August 28, 2023.  *See Whittaker v. Morgan State Univ.*, No. CIV. JKB-09-3135, 2011 WL 6010499, at *1 n.2 (D. Md. Nov. 30, 2011) ("Defendants may disagree with these dates.  However, since their time for filing a reply has expired and they have not provided any other dates, the Court will take these dates to be true.").  Plaintiff filed his Motion to Compel on November 7, 2023, roughly seventy-one (71) days after, and the motion is thus untimely.  *See Awah v. Commonwealth Fin. Sys.*, No. CIV.A. DKC 13-0707, 2013 WL 6490324, at *1–2 (D. Md. Dec. 9, 2013) (denying *pro se* plaintiff's motion to compel seeking more complete discovery responses for violating Local Rules 104.7 and 104.8);[3] *Blind Indus. & Servs. of Md. v. Route 40 Paintball Park*, No. WMN-11-3562, 2012 WL 4470273, at *1–2 (D. Md. Sept. 26, 2012) (denying untimely motion to compel pursuant to Local Rule 104.8); *Induction Therapies, LLC v. Ingenes, LLC*, No. DKC-21-0604, 2023 WL 3848370, at *1–2 (D. Md. Mar. 21, 2023) (same).  Plaintiff's Motion to Compel is further problematic because it was filed roughly eighty-eight (88) days following the close of discovery and roughly thirty-six (36) days after the date which Defendant's currently pending motion for summary judgment became ripe.  *See* (ECF No. 21; ECF No. 38); *Induction Therapies, LLC*, 2023 WL 384370 at *1–2.

Accordingly, it is this 7th day of December, 2023, hereby ORDERED that Plaintiff's Motion to Compel Discovery (ECF No. 40) is DENIED.

Date: December 7, 2023                                     /s/
                                                                     J. Mark Coulson
                                                                     United States Magistrate Judge

---

[3] The Court additionally notes that Plaintiff has failed to demonstrate his compliance with Local Rule 104.7, although Defendant does not raise that argument in its Opposition.